FORET, Judge.
Audubon Insurance Company (Audubon), defendant-appellant herein, appeals from the trial court’s judgment in favor of Daniel Ducote d/b/a Branch Systems (Ducote), plaintiff-appellee, in the amount of $30,-009.79 for loss of property sustained in a fire. Ducote answered the appeal, contending that the trial court erred in failing to award penalties and attorney’s fees in his favor. Insofar as we find no clear error on the part of the trial court, we affirm.
FACTS
Audubon issued a policy of fire insurance to Ducote in December of 1981, insuring the contents of Ducote’s three warehouses. On February 23, 1982, a fire occurred at Ducote’s warehouse facility at Hwy. 182 and Southern Pacific Railroad in Sunset, Louisiana. The loss was investigated by Audubon, after which it was concluded that the fire damage to the inventory totalled $91,620. Audubon paid Ducote $61,860.21 of the $91,620 loss. Ducote then filed this suit, seeking an award for the difference between the amount of his loss and the amount previously paid by Audubon.
DISCUSSION
The policy issued Ducote by Audubon contained Reporting Provisions, as follows:
“A. Provisional Amount Clause: The amount of insurance provided for hereunder is provisional and is the amount on which the advance premium is based, it being the intent of this insurance to insure hereunder the total actual cash value of the property described herein subject to the Limits of Liability for all Contributing Insurance. Any loss in excess of the limits stated in this policy shall be borne by the insured, notwithstanding the requirement that premium is to be adjusted on the basis of full values reported.
B. Value Reporting Clause: The insured shall report in writing to the Company, not later than 30 days after the last day of each calendar month, the exact location of all property covered and the total actual cash value of such property at each location as of the last day of each calendar month. At the time of any loss, if the insured has failed to file with the Company reports of values as above required, this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values filed prior to the loss, and further, if such delinquent report is the first report of values herein required to be filed, liability shall be limited to 90% of the amount for which the Company would otherwise be liable.
If the inception date of this policy is the last day of the calendar month, then the first report of values due shall show the total actual cash values as of that date.
C. Full Reporting Clause: Liability under this policy shall not in any case exceed that proportion of any loss hereunder which the last value reported prior to the loss, at the location where the loss occurs, bears to the total actual cash value at that location on the date for which such report was made. Liability for loss hereunder occurring at any location acquired since filing the last report (except as provided in the Value Reporting Clause) shall be apportioned in a like manner, except that the proportion used shall be the *1031 relation that the values reported prior to the loss at all locations bear to the total actual cash values at all locations on the date for which such report was made.”
These provisions obligate Ducote to report the value of his inventory on a monthly basis. The “value reports” of inventory are used in determining the year-end premium. Additionally, if the inventory is not properly reported and a loss occurs, the insured is penalized. Basically, the penalty provision provides that the liability of the insurer will not exceed that portion of any loss sustained which the last “value report,” filed prior to the loss, bears to the actual inventory value on the date of the “value report.” The purpose of the penalty provision is designed to make certain that the insured does not fail to properly report his month-end inventory in an effort to reduce his premium.
Ducote’s last “value report,” filed on January 27, 1982, prior to the February 23, 1982 fire, reported the total value of the inventory as $35,500. After filing this report, Ducote ascertained that his current inventory was actually valued at approximately $52,000 and that the report of January 27, 1982 undervalued his inventory by $15,000.
On February 3, 1982, Ducote telephoned Audubon’s agent and requested an increase in coverage of $60,000 to cover his anticipated receipt of additional inventory. The agent assured Ducote that the coverage would be in effect on Monday, February 8, 1982. The agent also telephoned Ducote on February 5th to confirm that the additional inventory was not expected over the weekend because the new coverage would not be in effect until the following Monday, February 8, 1982. Ducote increased his coverage by the amount of $60,000 due to his discovery that his current inventory was underreported by $15,000 and also because he anticipated the arrival of new inventory valued at $45,000. Ducote wanted to ensure that he had full coverage on all of his inventory in the event of a loss. During this phone conversation of February 3, 1982 between Ducote and Audubon’s agent, Ducote did not specifically discuss the fact that the inventory reported in his January 27, 1982 report was undervalued by $15,000.
After the fire of February 23, 1982, Audubon applied the penalty provision in the insurance policy. They paid Ducote approximately ¾ of his loss rather than the full amount because Ducote had failed to report the full value of his inventory in the January 27, 1982 “value report,” the last report filed prior to the fire.
The trial court found, contrary to Audubon’s contention, that the request for increased coverage on February 3, 1982 also constituted a report of additional inventory[1]. The trial court then found that the February 3, 1982 telephone report of additional inventory related back to the January 27, 1982 “value report” for the month of January. Essentially, the court found that the phone conversation of February 3, 1982, acted as an amendment to the written report of January 27, 1982.
We must determine whether the trial court erred in finding that Ducote’s request for additional insurance in the amount of $60,000 to cover the receipt of additional inventory related back to and was included within the “value report” for the prior month. We are mindful of the fact that the issue of coverage is not in dispute, and it is undisputed that Ducote had coverage in the amount of $106,000 at the time of the fire. This included the $46,000 in original coverage and the $60,-000 in increased coverage. It is also undisputed that the premium had been paid on $106,000 worth of coverage prior to the fire. Therefore, the purpose of the penalty provision, i.e., deterring an insured from underreporting in an effort to reduce payment of premiums, is not circumvented by *1032 the trial court’s finding that Ducote’s communication of February 3, 1982 related back to the “value report” of January 27, 1982.
We cannot say that the trial court was clearly in error in finding that any report of additional inventory after the written report would have to relate back to the prior written report. The policy’s reporting provisions were designed to provide for one report of inventory values per month. Dean Stroud, Audubon’s Assistant Vice President, testified that any amendment of “value reports” would have to relate back to the prior month’s report for the simple reason that the policy only required one “value report” per month. Under these facts, we do not find that the trial court erred in determining that a request for an increase of provisional coverage in a substantial amount would also act as a report of increased inventory values. Under this interpretation of the facts, Ducote’s telephone call of February 3, 1982 would, in fact, constitute an overreport of inventory value of $45,000, as of January 27, 1982, for which there would be no penalty. As such, we find no error on the part of the trial court in failing to apply the penalty provisions of the policy in determining the proceeds payable to Ducote for his loss under the policy.
Ducote answered the appeal, requesting penalties and attorney’s fees from Audubon. We find no error in the trial court’s ruling that Audubon did not act arbitrarily, capriciously, or without probable cause in its failure to initially pay the entire loss under the policy.
CONCLUSION
Based upon the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are to be divided equally between Audubon Insurance Company and Daniel Ducote d/b/a Branch Systems.
AFFIRMED.

. This finding is buttressed by the fact that, at the time of the February 3, 1982 telephone call, Ducote was underinsured by approximately $6,000 ($52,000 actual inventory minus $46,000 in original coverage). Instead of requesting additional insurance in the amount he was under-insured, he requested an increase in the amount he had underreported ($15,000 underreported plus $45,000 new inventory equals $60,000.)